J-S13007-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLINTON DANIELS | : | |
| | : | |
| Appellant | : | No. 1571 EDA 2022 |

Appeal from the PCRA Order Entered May 10, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003662-2014

BEFORE:   NICHOLS, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                        **FILED MAY 11, 2023**

Appellant Clinton Daniels appeals from the order dismissing his untimely second Post-Conviction Relief Act[1] (PCRA) petition without a hearing. Appellant argues that the PCRA court erred in concluding that he failed to meet the newly discovered fact exception to the PCRA time bar.  We affirm.

The underlying facts of this matter are well known to the parties.  ***See*** PCRA Ct. Order, 9/29/21, at 1-4.  Briefly, Appellant was convicted of armed robbery and related offenses in 2015.  The trial court sentenced Appellant to an aggregate term of 15 to 40 years' incarceration.  This Court affirmed Appellant's judgment of sentence on appeal.  ***See Commonwealth v. Daniels***, 3835 EDA 2015 (Pa. Super. filed Dec. 13, 2017) (unpublished

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

mem.), *appeal denied*, **Commonwealth v. Daniels**, 186 A.3d 945 (Pa. filed June 4, 2018).

Appellant subsequently filed a timely first PCRA petition, which the PCRA court denied without a hearing. On appeal, this Court affirmed. **Commonwealth v. Daniels**, 2020 WL 5530602, 2488 EDA 2019 (Pa. Super. filed Sep. 15, 2020) (unpublished mem.). Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

Appellant filed the instant *pro se* PCRA petition, his second, on March 10, 2021. Appellant claimed, among other things, that he had newly discovered evidence in the form of a 2020 letter from Sprint, which established that the phone records used at trial were in Eastern Standard Time (EST), rather than Greenwich Mean Time (GMT). Appellant subsequently retained counsel, who filed an amended PCRA petition on Appellant's behalf. Therein, Appellant noted that the Commonwealth impeached Appellant's testimony based on its assertion that the records were in GMT, not EST. Further, Appellant argued that trial counsel and prior PCRA counsel were ineffective for failing to understand the time zone listed in the phone records, which were a "material issue" in the case and were used to improperly impeach Appellant at trial.

On April 14, 2022, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing. Therein, the PCRA court concluded that Appellant had failed to establish the newly discovered fact exception to the PCRA time bar and explained:

- 2 -

> In his prior PCRA petition filed on January 28, 2019, [Appellant] also alleged that the prosecutor improperly characterized the phone records introduced at trial as being in Greenwich Mean Time. [Appellant] does not explain why then it took him until March 10, 2021 (more than 2 years) to obtain the Sprint Document and file it in the record as part of his request for PCRA relief. The Sprint Document therefore cannot constitute a "new fact" when [Appellant] has failed to show the actions he took to obtain the document and does not explain why it could not have been obtained sooner, particularly when he filed his first, timely PCRA petition.

PCRA Ct. Rule 907 Notice at ¶ 20.

Appellant did not file a response. On May 10, 2022, the PCRA court issued an order dismissing Appellant's petition. PCRA Ct. Order, 5/10/22.

Appellant filed a timely notice of appeal. Thereafter, Appellant's PCRA counsel filed a motion to withdraw from representation, which the PCRA court granted. The PCRA court subsequently issued a Pa.R.A.P. 1925(a) opinion reiterating that Appellant's PCRA petition was untimely and that Appellant had failed to establish an exception to the PCRA time bar.

On appeal, Appellant reiterates that trial counsel was ineffective and that he met the newly discovered fact exception. **See** Appellant's Brief at 1-5.[2]

---

[2] We note that Appellant's brief fails to comply with our appellate rules in several respects. **See generally** Pa.R.A.P. 2119(a) (listing the elements required in an appellate brief); **see also Commonwealth v. Lyons**, 833 A.2d 245, 251-52 (Pa. Super. 2003) (citations omitted) (stating that this Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure). However, because Appellant's failure to adhere to the briefing requirements does not preclude appellate review, we will address Appellant's claim on appeal.

In reviewing an order denying a PCRA petition, our standard of review is well settled:

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

**Commonwealth v. Sandusky**, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

The timeliness of a PCRA petition is a threshold jurisdictional question. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014); **see also Commonwealth v. Ballance**, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating that "no court has jurisdiction to hear an untimely PCRA petition"). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)."[3] **Commonwealth v. Jones**, 54 A.3d 14, 16 (Pa. 2012)

---

[3] The exceptions to the PCRA time bar are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

*(Footnote Continued Next Page)*

(citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. *See id.* at 17.

If a petition is untimely, and none of the timeliness exceptions are met, courts do not have jurisdiction to address the substance of the underlying claims. *Commonwealth v. Cox*, 146 A.3d 221, 227 (Pa. 2016). Further, it is the PCRA petitioner's "burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Albrecht*, 994 A.2d 1091, 1094 (Pa. 2010) (citation omitted and some formatting altered); *see also* 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, Section 9545(b)(2) requires that any petition attempting to invoke one of these exceptions must "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[4]

_____

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

[4] On October 24, 2018, the General Assembly amended Section 9545(b)(2) and extended the time for filing a petition from sixty days to one year from the date the claim could have been presented. *See* 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter.

- 5 -

To establish the newly discovered fact exception to the PCRA time bar, a petitioner must demonstrate that he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted). Due diligence requires that the petitioner take reasonable steps to protect his own interests. *Id.* A petitioner must explain why he could not have learned these "new facts" earlier with the exercise of due diligence. *Id.* The focus of this exception is on newly discovered facts, not on newly discovered or newly willing sources that merely corroborate known facts or previously raised claims. *Id.*; *see also Commonwealth v. Maxwell*, 232 A.3d 739, 745 (Pa. Super. 2020). Further, the newly discovered fact exception at Section 9545(b)(1)(ii) does not require any merits analysis of the underlying after-discovered-evidence claim. *Commonwealth v. Small*, 238 A.3d 1267, 1286 (citation omitted).

Here, the record reflects that Appellant's judgment of sentence became final on September 4, 2018. *See* 42 Pa.C.S. § 9545(b)(3). Therefore, Appellant's instant PCRA petition, filed on March 10, 2021, was facially untimely.

As noted previously, Appellant argues that he met the newly discovered fact exception based on a 2020 letter from Sprint. *See* Appellant's Brief at 2-3. Appellant reiterates that, at trial, Appellant testified that he was on the phone at the time that the crime occurred, which was reflected on the phone records from Sprint. *Id.* at 2. However, on cross-examination, the

- 6 -

Commonwealth impeached Appellant's testimony by stating that the phone records were in GMT, not EST, and claiming that the records did not corroborate Appellant's testimony concerning the timeframe of the events surrounding the crime. *Id.*

Appellant argues that the 2020 letter conclusively establishes that the cell phone records used at trial were in EST, rather than GMT, and demonstrates that the Commonwealth improperly impeached Appellant on that issue. *Id.* Appellant contends that he acted with due diligence in obtaining this information by repeatedly asking prior PCRA counsel to obtain documentation from Sprint to support Appellant's claim against trial counsel. *Id.* at 3; *see also* Brief in Support of Appellant's *Pro Se* PCRA Pet., 3/10/21, at 5 (unpaginated) (reflecting Appellant's claim that he repeatedly contacted prior counsel and Sprint to obtain documentation about the time zone since his conviction in 2015). Further, Appellant asserts that "[i]f the Sprint document could have been obtained sooner, [Appellant] did not know how to obtain it himself." Appellant's Brief at 3. Additionally, Appellant asserts that the new evidence was unknown to him until he received the letter in 2020. Appellant notes that although he knew that he "was on the phone in [EST] when the victim and police officer said the crime was committed," he did not know that there was a specific document "that could refute the [Commonwealth's] Sprint document and prove his claim that he was on the phone" when the crime occurred. *Id.* at 4.

In rejecting Appellant's claim, the PCRA court explained:

Here, [Appellant] has pleaded that the Commonwealth inadvertently impeached him with incorrect information - that the time zone of [Appellant's] phone call, resulted in the improper impeachment of [Appellant].

At trial, [Appellant] claimed to have been in his car, making a phone call at the time of the robbery. [Appellant] presented phone records from Sprint which confirmed he was on the phone at the time of the offense. On cross, [Appellant] was impeached by the Commonwealth who alleged that the phone records were in Greenwich Mean Time (GMT), not in Eastern Standard Time (EST), and therefore did not corroborate [Appellant's] testimony that he was on a phone call at the time of offense.

To prove one of the exceptions for timeliness, [Appellant] has submitted a document from Sprint stating that his call was in in Eastern Standard Time (EST), thereby proving that he was improperly impeached on this issue. He argues that trial counsel and prior PCRA counsel [were] ineffective for failing to understand a material issue in this case, namely the time zone of [Appellant's] phone call, which resulted in an improper impeachment of [Appellant].

\* \* \*

In his prior PCRA petition filed on January 28, 2019, [Appellant] also alleged that the prosecutor improperly characterized the phone records introduced at trial as being in Greenwich Mean Time. [Appellant] does not explain why then it took him until March 10, 2021 (more than 2 years) to obtain the Sprint Document and file it in the record as part of his request for PCRA relief. The Sprint Document therefore cannot constitute a "new fact" when [Appellant] has failed to show the actions he took to obtain the document and does not explain why it could not have been obtained sooner, particularly when he filed his first, timely PCRA petition.

PCRA Ct. Rule 907 Notice at ¶¶ 14-16, 20.

In its Rule 1925(a) opinion, the PCRA court explained:

Appellant has failed to offer [a newly] discovered [fact] which was previously unknown to him and which could not have been obtained by the exercise of due diligence. . . . Appellant's failure

properly to invoke an exception to the timeliness requirements of the [PCRA] requires this court to dismiss Appellant's untimely petition.

PCRA Ct. Op., 8/30/22, at 9.

Following our review of the record, we are constrained to agree with the PCRA court's conclusion that Appellant failed to establish an exception to the PCRA time bar. *See Albrecht*, 994 A.2d at 1094. As noted by the PCRA court, Appellant has repeatedly challenged the Commonwealth's interpretation of the phone records and argued that the phone call was reflected in EST. *See Maxwell*, 232 A.3d at 745 (reiterating that the focus of the exception "is on newly-discovered facts, not on newly-discovered or newly-willing sources that corroborate previously known facts **or previously raised claims**"). Further, although Appellant filed the instant petition within one year of obtaining the letter from Sprint, he has failed to demonstrate that he could not have obtained that information sooner through the exercise of due diligence. *See Brown*, 111 A.3d at 176.

Additionally, to the extent prior counsel may have been ineffective for failing to properly pursue this claim, that fact would not establish an exception to the PCRA time bar. *See Commonwealth v. Stahl*, --- A.3d ---, ---, 2023 WL 1793571 at *2 (Pa. Super. 2023) (stating that PCRA counsel's ineffectiveness in connection with a first PCRA petition does not establish a time-bar exception where it does not wholly deprive a defendant of collateral review); *see also Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785 (Pa. 2000) (holding that "subsequent counsel's review of previous counsel's

representation and a conclusion that previous counsel was ineffective is not a newly discovered 'fact' entitling [the petitioner] to the benefit of the exception for after-discovered evidence"). Finally, because Appellant's PCRA petition is untimely, our Supreme Court's decision in **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021) does not apply. **See Stahl**, 2023 WL 1793571 at *4 (concluding that "[n]othing in **Bradley** creates a right to file a second PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel or permits recognition of such a right"). For these reasons, Appellant is not entitled to relief. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/11/2023